IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| **KIP A. FARTHING,** | 3:14-CV-00841-BR |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **TURNER PROPERTIES, LLC, and ASSOCIATION OF UNIT OWNERS OF FLORENCE TERRACE CONDOMINIUM,** | |
| Defendants. | |

Kip A. Farthing
159 SW Florence Ave, L59
Gresham, OR 97030
(503) 995-4728

Plaintiff, *Pro Se*

**BROWN, Judge.**

IT IS HEREBY ORDERED that the provisional *in forma pauperis* status given Plaintiff Kip A. Farthing is confirmed.  For the reasons set forth below, however, the Court dismisses Plaintiff's

1 - OPINION AND ORDER

Complaint without service of process on the ground that Plaintiff fails to plead sufficient facts to establish this Court has subject-matter jurisdiction.  *See* 28 U.S.C. § 1915(e).

## DISCUSSION

Federal courts are courts of limited jurisdiction and are not empowered to hear every dispute presented by litigants.  *See A-Z Intern. v. Phillips,* 323 F.3d 1141, 1145 (9th Cir. 2003)("It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction.  A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.")(quotations omitted)).  *See also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 544 U.S. 280, 289 (2005)("[District courts] are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute.").

Original jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim arising under the United States Constitution or the laws or treaties of the United States.  28 U.S.C. §§ 1331, 1332.

"Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject

2 - OPINION AND ORDER

matter, the court shall dismiss the action."  Fed. R. Civ. P. 12(h)(3).  A court may dismiss *sua sponte* matters over which it does not have jurisdiction.  *Zavala v. Mukasey*, No. 07-73381, 2007 WL 4515209, at *1 (9th Cir. Dec. 21, 2007).

Here Plaintiff alleges in his Complaint that he is a resident of Oregon; Defendant Association of Unit Owners of Florence Terrace Condominium is a nonprofit corporation "organized and existing under the laws of the State of Oregon"; and Defendant Turner Properties, LLC, is a limited liability company with its principal place of business in Oregon.  To establish diversity jurisdiction in the District of Oregon, Plaintiff must allege he resides in the State of Oregon, each Defendant resides in another state, and Plaintiff seeks damages of more than $75,000.  In the alternative, Plaintiff may establish diversity jurisdiction by alleging each Defendant is a resident of Oregon, Plaintiff is a resident of another state, and Plaintiff seeks damages of more than $75,000.  Although here Plaintiff alleges he is a resident of Oregon and seeks damages in excess of $75,000, Plaintiff does not allege each Defendant is a resident of a state other than Oregon.  The Court, therefore, does not have diversity jurisdiction over this case because all Defendants in this action are not diverse from Plaintiff.

3 - OPINION AND ORDER

In addition, Plaintiff brings only state-law claims against Defendants for violation of Oregon Revised Statute § 659A.145, breach of fiduciary duty, and trespass.  Plaintiff does not allege any claims arising under the United States Constitution or the laws or treaties of the United States.  The Court, therefore, also does not have original jurisdiction over Plaintiff's claims; *i.e.*, this Court does not have subject-matter jurisdiction over this case.

## CONCLUSION

For these reasons, the Court **DISMISSES** Plaintiff's Complaint for lack of jurisdiction.  The Court, however, grants Plaintiff leave to amend his Complaint **no later than July 3, 2014**, if he can allege facts showing the residency of all Defendants is different from his or allege facts that support a claim arising under the United States Constitution or the laws or treaties of the United States.  If Plaintiff does not file an amended complaint consistent with this Opinion and Order that cures the noted deficiencies, the Court will enter a judgment of dismissal.

The Court notes Plaintiff may also move to voluntarily dismiss this action without prejudice instead of filing an

amended complaint.  In that case, the Court also would enter a judgment of dismissal.

    IT IS SO ORDERED.

    DATED this 6th day of June, 2014.

                                       /s/ Anna J. Brown

                                       ANNA J. BROWN
                                       United States District Judge