IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**KIP A. FARTHING,**                           3:14-CV-00841-BR

       **Plaintiff,**                    OPINION AND ORDER

**v.**

**TURNER PROPERTIES, LLC, and**
**FLORENCE TERRACE HOA,**

       **Defendants.**

Kip A. Farthing
159 S.W. Florence Avenue, L59
Gresham, OR 97030
(503) 995-4728

       Plaintiff, *Pro Se*

**BROWN, Judge.**

    On May 22, 2014, Plaintiff filed a Complaint in this Court against Defendants Turner Properties, LLC, and Florence Terrace HOA.

1 - OPINION AND ORDER

On June 6, 2014, the Court entered an Opinion and Order in which it dismissed Plaintiff's Complaint without service of process on the ground that Plaintiff failed to plead sufficient facts to establish this Court has jurisdiction. See 28 U.S.C. § 1915(e). The Court granted Plaintiff leave to file an Amended Complaint to establish jurisdiction no later than July 3, 2014. The Court construes the untitled document filed by Plaintiff on July 3, 2014, as his Amended Complaint.

Plaintiff's Amended Complaint consists of a list of 23 allegations of wrongdoing by various individuals. Plaintiff, however, does not name any of these individuals as Defendants nor identify their places of residence. As the Court noted in its June 6, 2014, Opinion and Order, federal courts are courts of limited jurisdiction and are not empowered to hear every dispute presented by litigants. *See A-Z Int'l v. Phillips,* 323 F.3d 1141, 1145 (9th Cir. 2003)("It is fundamental to our system of government that a court of the United States may not grant relief absent a constitutional or valid statutory grant of jurisdiction. A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears.")(quotations omitted)). *See also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 544 U.S. 280, 289 (2005)("[District courts] are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.").

2 - OPINION AND ORDER

Original jurisdiction must be based on either diversity of citizenship for cases involving more than $75,000 in damages between citizens of different states or on a claim arising under the United States Constitution or the laws or treaties of the United States.  28 U.S.C. §§ 1331, 1332.

To establish diversity jurisdiction in the District of Oregon, Plaintiff must allege he resides in the State of Oregon, each Defendant resides in another state, and Plaintiff seeks damages of more than $75,000.  In the alternative, Plaintiff may establish diversity jurisdiction by alleging each Defendant is a resident of Oregon, Plaintiff is a resident of another state, and Plaintiff seeks damages of more than $75,000.  Plaintiff's Amended Complaint, however, does not contain any allegations regarding the places of residence of Plaintiff, Defendants, or the numerous other individuals cited in his Amended Complaint.[1]  The Court, therefore, does not appear to have diversity jurisdiction over this case because all Defendants in this action are not identified as diverse from Plaintiff.

---

[1] The Court notes Plaintiff alleged in his original Complaint that he is a resident of Oregon, Florence Terrace Condominium HOA is a nonprofit corporation "organized and existing under the laws of the State of Oregon," and Turner Properties is a limited-liability company with its principal place of business in Oregon.

3 - OPINION AND ORDER

In addition, Plaintiff generally continues to bring state-law claims against Defendants for violation of Oregon Revised Statute § 659A.145, breach of fiduciary duty, and trespass. Plaintiff makes a reference in passing to violation of the Americans with Disabilities Act (ADA) "as an accommodation of my needs," but he does not include any factual allegations to support that statement or identify the provision(s) of the ADA that he contends Defendants violated.  In addition, Plaintiff alleges unspecified "civil-rights violations" by City Building Code enforcement officers, but those officers are not named as Defendants and Plaintiff does not allege any facts to support a claim for civil-rights violations.

Finally, Plaintiff alleges several individuals who are not named Defendants are guilty of racketeering in some unexplained manner.  Plaintiff does not allege any facts to support his vague charge of racketeering against any named Defendant nor allege any claims against named Defendants arising under the United States Constitution or the laws or treaties of the United States.  The Court, therefore, concludes Plaintiff has not established it has original jurisdiction over Plaintiff's claims.

## CONCLUSION

For these reasons, the Court **DISMISSES** Plaintiff's Complaint

4 - OPINION AND ORDER

**without prejudice** for lack of jurisdiction.

    IT IS SO ORDERED.

    DATED this 28th day of July, 2014.


                                                                     /s/ Anna J. Brown

                                                                     ANNA J. BROWN  
                                                                     United States District Judge